J. P. LOVELACE ET ALS. v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 13 September, 1916.)

**1. Carriers of Goods—Delay in Shipment—Damages—Evidence—Hearsay.**

Where damages are sought in an action against a railroad company for injury to a shipment of tobacco by water, caused by an unreasonable delay in its shipment, evidence offered in defendant's behalf that tobacco dealers told the agent, after the injury was done, there was nothing to do but ship it, has no bearing upon the defendant's liability, and was incompetent for this and for the further reason that it was hearsay.

**2. Carriers of Goods—Instructions—Special Requests—Appeal and Error.**

In this action to recover damages against a railroad company for an unreasonable delay in shipping tobacco, the defendant's objection to the charge of the court that the defendant would be liable if the tobacco had been delivered to it on the day preceding that of the damage, is not

sustained by the charge, and if it desired more specific instructions it should have presented requests therefor.

### 3. Appeal and Error—Exceptions—Appellant's Brief—Supreme Court Rules.

All exceptions not discussed in appellant's brief are deemed to be abandoned on appeal.

CIVIL ACTION tried before *Allen, J.,* at May Term, 1916, of BEAUFORT.

This is an action to recover damages for injury to a shipment of tobacco, caused, as the plaintiff alleges, by the negligence of the defendant.

There was evidence on the part of the plaintiff tending to prove that the tobacco was delivered to the defendant at its depot in Washington, N. C., on the morning of 2 September, 1913, in time to be transported on that day to Wilson, N. C., the point of destination; that the defendant, instead of shipping the tobacco on 2 September, placed it in its warehouse, where it was injured on 3 September by water.

The defendant offered evidence that it shipped the tobacco as soon as it reasonably could, after it was injured.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Ward & Grimes for plaintiff.*
*Small, MacLean, Bragaw & Rodman for defendant.*

ALLEN, J. Two exceptions are discussed in the brief of the appellant, and under the rules of the Supreme Court all others are abandoned.

The first is to the refusal of his Honor to permit the defendant to prove that after the tobacco was injured by the water several shippers of tobacco told the agent of the defendant there was nothing for him to do but to ship the tobacco.

This evidence was incompetent, because it had no tendency to relieve the defendant from liability, as the loss had already occurred, and there is no allegation or contention of the plaintiff of negligence on the part of the defendant in shipping the tobacco except that it was unreasonably delayed.

The evidence is also objectionable as hearsay. If the defendant wished to prove that it shipped the tobacco as soon as it reasonably could, after it was injured by the water, and that this was a prudent course to pursue, it ought to have introduced the sellers of tobacco, and not what they had said about it.

The second exception is upon the ground that the court charged the jury that if the tobacco was delivered to the defendant in time to have been shipped on the 2d, then the defendant would be liable.

Upon an examination of the charge we do not find any such instruction.

His Honor did state to the jury, as a contention of the plaintiff, that the tobacco was delivered to the defendant on 2 September, in time for it to have been reasonably shipped on that day.

If the defendant desired other and more specific instructions, it was its duty to present requests for instructions.

We find

No error.